**08 CIV 6776**

Daniel E. Clifton, Esq.
LEWIS, CLIFTON & NIKOLAIDIS, P.C.
275 Seventh Avenue, Suite 2300
New York, New York 10001-6708
Attorneys for Plaintiffs Joseph Giordano
And Brian Gordon, as Trustees

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JOSEPH GIORDANO and BRIAN GORDON,
as Trustees of the Drywall Tapers Insurance
Fund, Drywall Tapers Annuity Fund and
Drywall Pension Fund,

                                        Plaintiffs,                    **COMPLAINT**

                -against-

TNS MANAGEMENT SERVICES, INC.

                                        Defendant.

------------------------------------------------------------X

        Plaintiffs, by their attorneys, Lewis, Clifton & Nikolaidis, P.C., complaining of

the defendant, allege as follows:

                        <u>NATURE OF ACTION</u>

        1.        This action is brought pursuant to Sections 502(a)(3) and 515 of

the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§

1132(a)(3) and 1145. The action is brought by the trustees of three employee benefit

plans to recover contributions due and owing to the plans under the terms of the plans and

under the terms of the collective bargaining agreement to which defendant TNS

Management, Inc. ("TNS" or "the Employer") is a party.

## JURISDICTION AND VENUE

2.      The court has jurisdiction over this action pursuant to ERISA, Sections 502(a), (e)(1) and (f), 29 U.S.C. §§ 1132(a), (e)(1) and (f).  Venue in the Southern District of New York is proper pursuant to ERISA, Section 502(e)(2), 29 U.S.C. § 1132(e)(2), since the plaintiff employee benefit plans are located within the County of New York.

## PARTIES

3.      Joseph Giordano and Brian Gordon are trustees of the Drywall Tapers Insurance Fund, Drywall Tapers Annuity Fund and Drywall Pension Fund (collectively, the "Funds"), all of which are "employee benefit plans" within the meaning of ERISA, Section 3(3), 29 U.S.C. § 1002(3).  Each of the Funds maintains its principal place of business at 265 W. 14th Street, New York, New York.

4.      Each of the Funds is a "multi-employer plan" within the meaning of ERISA, Section 3(37), 29 U.S.C. § 1002(37).

5.      Plaintiffs Giordano and Gordon are "fiduciaries" of the plans within the meaning of ERISA, Section 3(21), 29 U.S.C. § 1002(21).

6.      On information and belief, defendant TNS is corporation which was incorporated in the State of New York, and its principal place of business is located at 64-55 74th Avenue, Glendale, New York.  Defendant is an "employer" within the meaning of ERISA, Section 3(5), 29 U.S.C. § 1002(5).

## FACTUAL ALLEGATIONS

7.      At all times relevant hereto, defendant TNS has been a party to, and bound by, a collective bargaining agreement ("Trade Agreement") which it

negotiated with Drywall Tapers and Pointers of Greater New York, Local Union 1974, IUPAT, AFL-CIO ("Local 1974" or "the Union").

8. The Trade Agreement provides that the Employer agrees to be bound by the trust agreements establishing each of the Funds ("Trust Agreements").

9. Pursuant to the terms of both the Trade Agreement and the Trust Agreements, defendant is obligated to make contributions to the Funds on behalf of its employees. The specific amounts of the contributions required to be made to each of the Funds are set forth in the Trade Agreement.

11. From January 1, 2005 through March 31, 2006, defendant failed and refused to remit all of the contributions due to the Funds under the terms of the Trade Agreement, despite requests by representatives of the Funds that it do so.

12. On information and belief, the contributions owed by TNS to the Funds for the period of January 1, 2005 through March 31, 2006 amount to $12,159.00.

13. Defendant's failure and refusal to make the required contributions to the Funds constitutes a violation of ERISA and a breach of both the Trade Agreement and Trust Agreements.

WHEREFORE, plaintiffs demand judgment against defendant, granting plaintiffs:

a) The sum of $12,159.00 in contributions owed to the Funds;

b) Interest on the unpaid contributions pursuant to 29 U.S.C. § 1132(g)(2)(B) and the terms of the plans;

c) Liquidated damages equal to 20% of the contributions determined to be owed to the Funds pursuant to 29 U.S.C.§ 1132(g)(2)(c)(ii) and the terms of the plans;

3

d)      Attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(2)(D) and the

terms of the plans; and

e)      Such other and further relief as the court may deem just and proper.

Dated:   July 29, 2008
         New York, New York

LEWIS, CLIFTON & NIKOLAIDIS, P.C.

By:      _____
         Daniel E. Clifton (DC 0632)
         275 Seventh Avenue, Suite 2300
         New York, New York 10001-6708
         (212) 419-1500

         Attorneys for plaintiffs Joseph Giordano and
         Brian Gordon, as Trustees of the Drywall
         Tapers Insurance Fund, Drywall Tapers
         Annuity Fund and Drywall Pension Fund

4